

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,022-01

### EX PARTE DYLAN SHANE CAAD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR2012-502-1 IN THE 207TH DISTRICT COURT
### FROM COMAL COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal. He also contends that counsel was ineffective for giving him bad advice as to parole eligibility, failing to inform him of the nature of the charges, failing to perform an adequate pre-trial investigation, failing to file requested motions, and failing to respond to phone calls and letters from either Applicant or his family.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claims of ineffective assistance of counsel. The response shall state whether Applicant informed counsel of his desire to appeal, and if so, what actions counsel take to ensure Applicant's appellate rights. The response also shall state what advice, if any, counsel gave to Applicant regarding his parole eligibility for this offense. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings as to whether Applicant informed counsel that he wished to appeal. The trial court shall make supplemental findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 3, 2019
Do not publish